UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHANE SHARPLEY                               CIVIL ACTION NO. 24-cv-1330

VERSUS                                       JUDGE EDWARDS

COVENANT TESTING TECHNOLOGIES,               MAGISTRATE JUDGE HORNSBY
LLC, ET AL

**MEMORANDUM ORDER**

Shane Sharpley ("Plaintiff") filed suit in state court against three defendants after he was injured in a workplace accident. A workers' compensation insurer filed a petition in intervention. The three defendants then removed the case to federal court based on an assertion of diversity jurisdiction, which places the burden on those removing parties to demonstrate the citizenship of all relevant parties.

The notice of removal and a Diversity Jurisdiction Disclosure Statement (Doc. 7) attempt to set forth the citizenship of the parties, but more information is needed if the removing defendants are to satisfy their burden. They will be allowed until **October 28, 2024** to file an amended diversity jurisdiction disclosure statement that attempts to set forth their citizenship. There is also an issue with respect to the comp intervenor that will need to be addressed if the court is to exercise jurisdiction over this case.

**Covenant Testing Technologies, LLC** is the first defendant. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically

allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Covenant's filing does not name its members. Instead, it alleges that it is a "wholly owned subsidiary" of CTT Buyer, LLC, which in turn is a "wholly owned subsidiary" of CTT Guarantor, LLC. An allegation that an LLC is "wholly owned" by someone is not enough to allege citizenship with specificity. The party must set forth the members of the LLC, which may be different from owners in some states. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408 (5th Cir. 2023). Covenant will need to identify each of its members and then allege their citizenship in detail in accordance with the applicable rules.

**Catapult Energy Services Group, LLC** is the second defendant. It alleges that four of its members are individuals "residing in Texas." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State."

Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003).

Catapult Energy states that another of its members is **ETP II Wind-Down LLC**, which it alleged is "solely owned by an entity domiciled in North Carolina." That is not sufficient. The member(s) of the LLC must be identified and then their citizenship alleged with specificity.

Catapult Energy identifies its final member as **NGP X U.S. Holdings, LP**. It alleges that NGP is "owned by" two other limited partnerships and that they do not "have any owners residing in Louisiana." That is not sufficient. When a partnership is a party, the court must consider the citizenship of each partner, whether limited or general. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990). Neither the state of organization nor principal place of business is relevant. The Carden rule applies to common law limited partnerships and a Louisiana partnership in commendam. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 302 (5th Cir. 1991). If partners are themselves partnerships, LLC's or other form of association, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. Mullins v. Testamerica, Inc., 300 Fed. Appx. 259 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership).

The third removing defendant is **Zurich American Insurance Company**. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2)

the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Zurich is alleged to be a New York corporation with its "main administrative office or principal place of business" in Illinois.  That is adequate to allege that Zurich is a citizen of New York and Illinois.

**New Hampshire Insurance Company** filed a petition of **intervention** in the state court to seek to recover benefits it paid Plaintiff in connection with the accident.  The undersigned has held that a workers' compensation insurer is an intervenor of right and should be treated as an intervenor-plaintiff.  See Patterson v. Corvel Corp., 2021 WL 4047391 (W.D. La. 2021) and Dushane v. Gallagher Kaiser Corp, 2005 WL 1959151 (W.D. La. 2005).  That requires that there be diversity of citizenship between the intervenors and the defendants and the amount in controversy with respect to the intervention must exceed $75,000.  Griffin v. Lee, 621 F.3d 380 (5th Cir. 2010); Samuels v. Twin City, 602 Fed. Appx. 209 (5th Cir. 2015) (affirming dismissal for lack of jurisdiction when proposed intervenor did not meet the jurisdictional amount requirement).  The burden of establishing subject matter jurisdiction rests on the party seeking to invoke it, so the burden here falls on the removing defendants.

New Hampshire's petition does not set forth its citizenship, but its diversity jurisdiction disclosure statement is due by October 15, 2024.  Doc. 3.  With respect to the amount in controversy, the petition in intervention alleges that the insurer paid $47,498.53 in benefits plus medical payments of $8,228.30, for a total of only $55,726.83.  If that is the extent of what New Hampshire seeks in its intervention, the court would not have subject matter jurisdiction over the claim.  If the amount in controversy (or diversity

between New Hampshire and the defendants) is lacking with respect to the intervention, the court may have to remand the entire case for the reasons explained in <u>Patterson</u>.

If the removing defendants determine that diversity jurisdiction is lacking, or that establishing the citizenship of the parties is impossible or too burdensome, they may contact the court and request a voluntary remand.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of October, 2024.

                                            Mark L. Hornsby
                                            U.S. Magistrate Judge