UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHANE SHARPLEY                                    CIVIL ACTION NO. 24-cv-1330

VERSUS                                            JUDGE EDWARDS

COVENANT TESTING TECHNOLOGIES,                    MAGISTRATE JUDGE HORNSBY
LLC, ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

Shane Sharpley ("Plaintiff") filed suit in state court against three defendants after he was injured in a workplace accident. A workers' compensation insurer filed a petition in intervention. The three defendants then removed the case based on an assertion of diversity jurisdiction, which places the burden on those removing parties to demonstrate the citizenship of all relevant parties and a basis for the exercise of jurisdiction. Despite notice of certain deficiencies and an opportunity correct or address them, the defendants have not met their burden. For the reasons that follow, it is recommended that this civil action be remanded for lack of subject matter jurisdiction.

**Covenant Testing Technologies, LLC**

The court issued a memorandum order (Doc. 8) that pointed out that the notice of removal and a diversity jurisdiction disclosure statement (Doc. 7) attempted to set forth the citizenship of the parties, but more information was needed if the removing defendants were to satisfy their burden of establishing diversity jurisdiction. The order set forth in detail the requirements for pleading the citizenship of LLCs and other entities.

Covenant Testing Technologies, LLC is the principal defendant. It alleged in its notice of removal that it is a "wholly owned subsidiary" of CTT Buyer LLC, which is in turn "a wholly owned subsidiary" of CTT Guarantor LLC.

The court explained in the memorandum order that the citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The order noted that Covenant's filing did not name its members and instead alleged only that it was a "wholly owned subsidiary" of an LLC that was in turn "a wholly owned subsidiary" of another LLC. The court explained that an allegation that an LLC is "wholly owned" by someone is not enough to allege citizenship with specificity. The party must set forth the members of the LLC, which may be different from owners in some states. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408 (5th Cir. 2023). A company might "wholly own" an LLC through various means without being a member or at all relevant to the citizenship of the LLC. The court instructed Covenant that it would need to identify

each of its members and then allege their citizenship in detail in accordance with the applicable rules.

Covenant's only response to the memorandum order is a supplemental disclosure statement (Doc. 9) in which it incorrectly states that it "had identified its members through CTT Guarantor LLC." In fact, Covenant has never identified a single member and has offered only the deficient statement that it is a wholly owned subsidiary of other companies.

Even if it were assumed that CTT Guarantor LLC is Covenant's only member, the citizenship allegations are still lacking. Covenant stated in the supplemental disclosure statement that CTT Guarantor LLC has as its members (1) CTT Midco, Inc. and (2) CTT Topco, LLC. The citizenship of those members must then be specified.

CTT Midco, Inc. is said to be a Delaware corporation "and does not have its principal place of business in Louisiana." That is not sufficient because a notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir.1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

CTT Topco, LLC is said to be the "ultimate parent" of Covenant and is a Delaware LLC. "As such, CTT Topco is a citizen of Delaware." The court explained in the memorandum order that the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization being irrelevant. Not a single member of CTT Topco, LLC has been identified, so Covenant has not satisfied its burden with regard to this aspect of its citizenship.

There are multiple deficiencies in the allegations of Covenant's citizenship despite the court's careful explanation of the rules and an opportunity for the defendants to comply. These shortcomings warrant remand for lack of satisfaction of the removing defendants' burden of established a basis for diversity jurisdiction.

**Catapult Energy Services Group, LLC**

Plaintiff alleged that he was injured while working on an oil rig when a hammer wrench was dropped 20 feet and hit his head and shoulder. He alleged that the hammer was dropped by an employee or agent of Covenant and/or Catapult Energy Services Group, LLC. The memorandum order noted multiple problems associated with the allegations of Catapult's citizenship. The notice of removal contends that Catapult's citizenship may be ignored because it was improperly joined. The notice describes Catapult as the "primary owner" of Covenant that "provided no operational control" to Covenant.

Catapult is never mentioned in the allegations of the citizenship of Covenant, which potentially serves as an example of how membership in an LLC and ownership are not always the same. The court need not explore Catapult's citizenship further at this time, but it bears noting that even if the defendants satisfied all of the problems noted in this Report

and Recommendation, they also would have to meet their heavy burden of showing the improper joinder of Catapult under the standards set forth in Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

**New Hampshire's WC Intervention**

Another problem that requires remand relates to New Hampshire Insurance Company's petition in intervention filed in state court to seek to recover workers' compensation benefits its paid Plaintiff in connection with the accident. The court explained in the earlier memorandum order that a workers' compensation insurer is an intervenor of right and should be treated as an intervenor-plaintiff. See Patterson v. Corvel Corp., 2021 WL 4047391 (W.D. La. 2021) and Dushane v. Gallagher Kaiser Corp, 2005 WL 1959151 (W.D. La. 2005). That requires that there be diversity of citizenship between the intervenor and the defendants and the amount in controversy with respect to the intervention must exceed $75,000. Griffin v. Lee, 621 F.3d 380 (5th Cir. 2010).

The court noted that New Hampshire's petition did not set forth its citizenship, but it could do so in a diversity jurisdiction disclosure statement. New Hampshire has not filed anything since the order except for a corporate disclosure statement (Doc. 10) that stated only that it is "an insurance company authorized to do and doing business in the State of Louisiana." That provides no information about its citizenship.

The memorandum order also explained that, with respect to the amount in controversy, the petition in intervention alleges that the insurer paid $47,498.53 in benefits plus medical payments of $8,228.30, for a total of only $55,726.83. If that is the extent of what New Hampshire seeks in its intervention, the court would not have subject matter

jurisdiction over the claim because diversity jurisdiction requires an amount in controversy greater than $75,000.  Samuels v. Twin City, 602 Fed. Appx. 209 (5th Cir. 2015) (affirming dismissal for lack of jurisdiction when proposed intervenor did not meet the jurisdictional amount requirement).

If the amount in controversy, or diversity between New Hampshire and the defendants, is lacking with respect to the intervention, the court must remand the entire case for the reasons explained in Patterson.  The memorandum order warned of this and allowed the parties until October 28, 2024 to file an amended diversity jurisdiction disclosure statement and address the effect of the comp intervention on jurisdiction.  Neither New Hampshire nor any defendant has filed anything to set forth New Hampshire's citizenship or explain how the amount in controversy element might be satisfied.

**Conclusion**

Covenant has not met its burden of setting forth facts that demonstrate its own citizenship.  The record also lacks facts to establish the citizenship of New Hampshire or to suggest that the amount in controversy element is satisfied with respect to the petition in intervention.  The relevant parties were given clear and express instructions about the applicable law, and they were told exactly what information that they needed to provide if they wished to address and cure the deficiencies in their notice of removal and original submissions.  The defendants did not satisfy those requirements, so they have not met their burden of establishing subject matter jurisdiction.  This case should be remanded to state court for lack of the required showing of a basis for the exercise of diversity jurisdiction.

Accordingly,

It is recommended that this civil action be remanded to the 42nd Judicial District Court, DeSoto Parish, Louisiana for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2024.



Mark L. Hornsby
U.S. Magistrate Judge